COVINGTON, Judge.
Doyle Payne challenges the trial court’s order granting in part and denying in part his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s order in all respects but one.
In response to Payne’s motion, the trial court reduced Payne’s conviction for driving while license suspended or revoked and carelessly or negligently causing the death of another human being to the misdemeanor offense of driving while license suspended.[1] In its final order on Payne’s motion, the trial court noted that the amended written sentence reflected a sentence of three years’ imprisonment on Payne’s misdemeanor conviction for driving while license suspended. The trial court noted that the written sentence “is hereby amended to reflect a sentence of time served, followed by two years probation upon his release from prison.” The total penalty of incarceration and probation. for a misdemeanor cannot exceed the statutory maximum for that offense. Sanders v. State, 710 So.2d 1052 (Fla. 1st DCA 1998); Baldwin v. State, 558 So.2d 173 (Fla. 5th DCA 1990). Accordingly, we reverse that part of the trial court’s order that purports to sentence Payne to incarceration followed by two years’ probation for a misdemeanor. On remand, the trial court shall sentence Payne within the statutory maximum for the offense.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.

. It is not clear from the attachments to the trial court's order whether Payne's conviction for the misdemeanor of driving while license suspended or revoked was pursuant to subsection (1) or (2) of section 322.34, Florida Statutes (1993).